| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

GUADALUPE LERMA, §
TDCJ 1353185, §
      Plaintiff, §
 §
v. § CIVIL ACTION G-08-109
 §
C. FALKS, *et al.*, §
 §
      Defendants. §

## Opinion on Dismissal

      Guadalupe Lerma filed a complaint for civil rights violations. 42 U.S.C. § 1983. Lerma paid the filing fee. Lerma sues prison employees C. Falks, N. Montemayor, B. Young, J. Fahrenthold, W. Nix, and the Texas Department of Criminal Justice. Lerma is imprisoned in the TDCJ.

      Lerma's claims follow. On May 19, 2007, a prison supervisor assigned Lerma to the can casing machine. The machine has been broken more than it has been in operation and those operating it know to be careful or the machine "will eat you."

      Lerma realized the machine was not operating properly and told Falks, his supervisor. After a mechanic worked on the machine, Montemayor said it was safe. Lerma tried to use the machine but it was still "hanging up." He informed Falks, who then told Young, her supervisor. Young instructed Lerma to continue using the machine. Lerma attempted to explain that the can guides were not working properly and were causing the cans to hang up. They told him to keep working. When a can hung up, Lerma reached inside to get the can loose and the machine caught his hand and broke it.

      There have been some repairs over time and mechanics have said there were no available parts to make the necessary repairs and the equipment was just worn out. The machine is now operated by hand. Lerma claims a violation of the Eighth Amendment and state law violations.

      The Eighth Amendment standard is deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant is not liable unless he knows and disregards an excessive risk to inmate safety. The defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the defendant must also draw the inference. *Id.*

      Lerma's allegations do not show that any prison workers were aware of facts from which the

inference could be drawn that a substantial risk of serious harm existed concerning the machine or that the defendants drew any such inference. That they knew something was wrong with the machine does not mean they knew that there was a substantial risk that Lerma would place his hand in the machine or that serious harm would result. A "failure to alleviate a significant risk that . . . should have [been] perceived but [was] not does not violate the Eighth Amendment." *Farmer*, 511 U.S. at 838.

The defendants may have been negligent or even grossly negligent. However, this does not show deliberate indifference. *Hare v. City of Corinth, MS*, 74 F.3d 633 (5th Cir. 1996). Deliberate indifference must rest on facts clearly showing a defendant's wanton actions. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Lerma has not alleged facts showing deliberate indifference. Lerma's state law claims will be dismissed. 28 U.S.C. § 1367(c)(3)

Lerma fails to state a claim recognized at law. This case will be dismissed.

Signed July 30, 2008, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge